## VANN *vs.* STRONG.

[ASSUMPSIT—RETURN TERM.]

1. *Judgment by default at return term; when.*—Since the passage of the act of 7th December, 1866, there is no error in rendering a judgment by default at the return term, when the contract upon which the suit is predicated, was made after the 25th July, 1865, and was not a renewal of a contract which existed before that time.

APPEAL from Circuit Court of Russell.
Tried before Hon. ROBERT DOUGHERTY.

THIS action was brought by the appellee against the appellant; was commenced on the 23d day of February, 1867, and was founded on a promissory note, made by the defendant on the 22d day of January, 1867. The sheriff made the following return on the summons and complaint: "Executed by serving copy on H. M. Vann, personally, March 26th, 1867." At the spring term, 1867, (May 16th,) there was a judgment by default against the defendant. He gave bond and brought the case to this court by appeal, and assigned the following as errors:

1st. The court erred in rendering judgment at the first term after suit brought.

2d. The return of the sheriff upon the summons and complaint, is insufficient to sustain a judgment by default.

DAVID CLOPTON, for appellant.

G. D. & G. W. HOOPER, *contra.*

A. J. WALKER, C. J.—The first section of the act to regulate judicial proceedings, approved 20th February, 1866, (Pamphlet Acts, p. 83,) provided for a return, appearance, and pleading term of the court, in which an action might be brought, thus postponing the judgment to the third term. By the act of 7th December, 1866, (Pamphlet Acts, p. 110,) it is enacted that the provisions of the statute above noticed shall not apply to actions upon contracts made after 25th July, 1865, " except upon renewals of contracts existing prior to said 25th day of July, 1865." This latter act repeals the act of 20th February, 1866, in so far as it affected actions on contracts made after the 25th July, 1865, unless they were renewals of pre-existing contracts. As to contracts of the specified class, the previous law was revived, and judgments under the law thus revived could be taken at the return term. The contract upon which this action was predicated, is a note dated 22d January, 1867, and we can not presume, in the absence of any evidence, that the note was given in renewal of a contract, which existed before the 25th July, 1865. There is, therefore, no disclosure by the record of error in rendering judgment by default at the return term of the summons and complaint.

The return of service is sufficient to sustain the judgment.

Affirmed.